UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELLIOT DORSCH, et al.,
etc.,

    Plaintiffs,

v.                          CASE NO. 8:11-CV-441-T-17MAP

PILATUS AIRCRAFT LTD.,
etc., et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 58    Motion for Reconsideration
Dkt. 60    Joint Response

Plaintiffs moves for reconsideration of the Court's Order denying the Motion to Remand pursuant to Rule 60(b).

Defendants oppose Plaintiffs' Motion for Reconsideration.

I. Standard of Review

There are three bases for reconsidering an order: " (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Case No. 8:11-CV-441-T-17MAP

Furthermore, a Motion for Reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., 2005 WL 1053691 (citing Lamar, 189 F.R.D. at 489 (M.D. Fla. 1999)).

II. Discussion

Plaintiffs seek reconsideration because, under Florida law, strict liability applies to any supplier, distributor or retailer of the subject aircraft's battery, and it is undisputed that Leading Edge supplied the subject aircraft's battery. Plaintiffs argue that the Court's decision to deny remand was in error because, under Florida law, a reasonable basis for Leading Edge's liability exists. Plaintiffs further argue that Plaintiffs were prejudiced by the Court's denial of leave to file a Reply. In Footnote 5, Plaintiffs request leave to amend the Complaint. Plaintiffs request that the Court reconsider and reverse the denial of the Motion to Remand.

Defendants respond that the propriety of removal is determined based on the operative pleading as it existed at the time of removal, and Plaintiffs did not include a strict liability claim against Leading Edge, only a claim for negligence. Defendants further respond that a plaintiff may not defeat removal by subsequently amending its complaint to add new claims or liability theories against the nondiverse defendant. See Cavallini v. State Farm Mut. Auto. Ins. Co., 44 F.3d 256, 263-264 (5th Cir. 1995); Nelson v. Whirlpool Corp., 727 F.Supp.2d 1294, 1304-05 (S.D. Ala. 2010); Henderson v. Goodyear Dunlop Tires North America, Ltd., 2011 WL 3503171 (M.D. Ala. 2011); Davenport v. Ford Motor Co., 2006 WL 2048308 (N.D. Ga. 2006).

2

Case No. 8:11-CV-441-T-17MAP

The Court notes that the Complaint includes allegations that Leading Edge "breached its continuing and/or ongoing duty and negligently and/or carelessly failed to discharge its duty" (Dkt. 2, p. 13) by:

> a. Failing to service, maintain, repair, modify, overhaul, test and/or inspect the Subject Aircraft and more specifically, the electrical/power system for the Instrument Panel to ensure that the Subject Aircraft could be safely operated and complied with all applicable service bulletins and directives; and/or
>
> b. Failing to test and/or inspect the Subject Aircraft and more specifically the Instrument System for dangerous conditions that existed and/or were likely to exist in the Subject Aircraft; and/or
>
> c. Failing to modify, service and/or repair dangerous conditions that were known or should have been known by Leading Edge in the exercise of reasonable care such as the electrical/power system for the Instrument Panel; and/or
>
> d. Failing to warn pilots and passengers, including Daniel Dorsch and Cynthia Dorsch, of such dangerous conditions concerning and/or relating to Leading Edge's testing and/or inspection of the Subject Aircraft's electrical/power system for the Instrument Panel that were known or should have been known to Leading Edge.

Plaintiffs further allege that as a direct and proximate cause of the crash and Leading's Edge's negligence as alleged, Leading Edge is liable to Plaintiffs for damages.

There are no strict liability allegations as to Leading Edge in the Complaint, such as: "(1) a product (2) produced by a manufacturer [or supplied by one in the business of selling the product] (3) was defective or created an unreasonably dangerous condition [at the time of manufacture or sale] (4) that proximately caused (5) injury. Tran v. Toyota Motor Corp., 420 F.3d 1310, 1312 (11th Cir. 2005). Florida law expanding strict liability from manufacturers to others in the distributive chain was not decided recently.

Case No. 8:11-CV-441-T-17MAP

Plaintiffs elected to assert strict liability claims against other Defendants, but not against Leading Edge.

When considering a motion to remand in a fraudulent joinder case, the Court does not weigh the merits of a plaintiff's case beyond determining whether the claim alleged is an arguable one under state law. The Court bases its determination of joinder on the plaintiff's pleadings, supplemented by an affidavits, deposition transcripts or other summary judgment-type evidence submitted by the parties at the time of removal. Evaluating the factual allegations in the light most favorable to the plaintiff does not include determining whether the facts alleged support a theory that the plaintiff did not plead.

After consideration, the Court denies the Motion for Reconsideration. Any request for leave to amend the complaint should be made in a separate motion. Accordingly, it is

**ORDERED** that the Motion for Reconsideration (Dkt. 58) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 2nd day of May, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record