UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELLIOT DORSCH, et al.,
etc.,

      Plaintiffs

v.                           CASE NO. 8:11-CV-441-T-17MAP

PILATUS AIRCRAFT, LTD.,
et al.,

      Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 174    Motion for Reconsideration
Dkt. 180    Response

The Court previously denied the Motion for Summary Judgment of Defendant Epps Aviation without prejudice (Dkt. 173), because no substantive discovery has been conducted in this case, and granted leave for the Motion to be renewed at the appropriate time, in accordance with a case management and scheduling order to be entered. Defendant Epps Aviation sought entry of summary judgment in favor of Defendant Epps and against Plaintiffs as to Plaintiffs' allegations of negligent inspection and maintenance of the aircraft based on: 1) collateral estoppel by virtue of the summary judgment order in Hillsborough County Circuit Case No. 09-CA-021503, Estate of Jenny Brown v. Epps Aviation, et al.; and 2) the absence of evidence sufficient to create a jury issue as to whether Defendant Epps Aviation was negligent in its inspection, maintenance and repair of the aircraft.

Case No. 8:11-CV-441-T-17MAP

Plaintiffs oppose the Motion for Reconsideration.

I. Standard of Review

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: " (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999). A motion to reconsider is appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). A motion to reconsider is properly brought to correct a clear error in the Court's interpretation of either the facts or the law...It should be used in order to prevent manifest injustice, but it is an extreme measure and substantial discretion rests with the Court in granting such a motion. Medley v. Westpoint Stevens, Inc., 162 F.R.D. 697, 698 (M.D. Ala. 1995). An error is not "clear and obvious" if the legal issues are "at least arguable." American Home Assurance Co. v. Glen Estess & Associates Inc., 763 F.2d 1237, 1239 (11th Cir. 1985).

Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature

Case No. 8:11-CV-441-T-17MAP

to induce the court to reverse its prior decision." <u>Ludwig v. Liberty Mutual Fire Ins. Co.</u>, 2005 WL 1053691 (citing <u>Lamar</u>, 189 F.R.D. at 489 (M.D. Fla. 1999)).

II. Discussion

Defendant Epps argues that the Court should reconsider its decision to correct clear error and avoid manifest injustice. Defendant Epps argues that the Court's order delaying a decision on the merits of Defendant Epps' separate and primary legal defense of collateral estoppel to allow Plaintiffs to conduct discovery on an issue previously decided against Plaintiffs in another case, the alleged negligent maintenance of the aircraft, was erroneous as a matter of law and unfairly prejudicial to Defendant Epps.

Plaintiffs respond that Defendant Epps' Motion should be denied, because the Court's denial of Defendant Epps' premature Motion was within its discretion pursuant to Fed. R. Civ. P. 56(d)., and did not cause manifest injustice. Plaintiffs distinguish the cases on which Defendant Epps relies in support of the Motion for Reconsideration.

In the Motion for Summary Judgment, Defendant Epps argued that Defendant Epps met its burden under <u>Celotex</u> of establishing that there is a complete absence in the record of any evidence that Defendant Epps failed to discover an existing defect in the aircraft or was otherwise negligent in its inspection, maintenance and repair of the aircraft. Defendant Epps is correct in the sense that there is no evidence in the record based on discovery done in this case. Defendant's assertion is problematic because there was no scheduling order in this case which set a deadline for discovery and for dispositive motions. The Court noted that no substantive discovery was done in this case. The Court concluded that the Motion for Summary Judgment should be resolved after both parties had the opportunity for discovery in accordance with a scheduling order.

3

Case No. 8:11-CV-441-T-17MAP

The Court exercised its discretion to rule on all issues raised by Defendant Epps after the close of discovery, rather than on a serial basis, which would defeat the purpose of the summary judgment procedure. The Court considered whether this is the type of case in which there is one issue of law which is clearly dispositive. Plaintiffs point out that there are arguable issues as to whether the order in the Jenny Brown case has the requisite degree of finality, and as to the mutuality of the parties.

Defendant Epps has not convinced the Court that the prior decision was erroneous and has caused manifest injustice to Defendant. Accordingly, it is

**ORDERED** that the Motion for Reconsideration (Dkt. 174) is **denied.**

**DONE and ORDERED** in Chambers in Tampa, Florida on this 19th day of November, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record