UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELLIOT DORSCH and JORDAN
DORSCH as Co-Personal Representatives
of the ESTATES OF DANIEL JOSEPH
DORSCH and CYNTHIA DORSCH,

   Plaintiffs,
v.            CASE NO.: 8:11-cv-00441-T-17MAP

EPPS AIR SERVICE, INC. d/b/a Epps
Aviation, *et al.*,

   Defendants.
_____/

## ORDER

  This case originates from a July 2009 plane crash that sadly killed four people, including Daniel Joseph Dorsch and Cynthia Dorsch. Plaintiffs, sons of Mr. and Mrs. Dorsch, brought claims against Pilatus Aircraft Ltd., Honeywell International, Inc., Epps Air Service, Inc., and Leading Edge Aviation Services for negligence and strict liability. The district judge subsequently dismissed Defendant Leading Edge (doc. 52). And, in September 2012, the district judge dismissed Defendant Pilatus, finding the Court lacked personal jurisdiction over Pilatus (doc. 126). The claims against Defendants Epps and Honeywell remained pending. Before me now is Pilatus's Unopposed Motion for Entry of Final Judgment Under Federal Rule of Civil Procedure 54(b) (doc. 203).[1] After consideration and for the reasons stated, I grant the motion.

  Ordinarily, a judgment which does not resolve all of the claims pending against all of the

---

[1] The parties recently consented to my jurisdiction (docs. 191, 207). 28 U.S.C. § 636.

parties is not considered to be a "final judgment." Fed. R. Civ. P. 54(b). However, Federal Rule of Civil Procedure 54(b) provides that a district court may direct entry of a final, appealable judgment where all the claims against all of the parties have not been resolved if the court finds that (1) multiple claims or all claims against a party are fully resolved; and (2) there is no just cause for delay. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 429-30 (1956). A district court has discretion "to determine the 'appropriate time' when each final decision . . . is ready for appeal." *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears*, 351 U.S. at 437). The court should consider "such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*

Here, I find that it is appropriate to enter final judgment for Defendant Pilatus. First, the dismissal for lack of personal jurisdiction concluded all claims asserted against Pilatus. *See Charlie Fowler Evangelistic Ass'n, Inc. v. Cessna Aircraft Co.*, 911 F.2d 1564, 1565 (11th Cir. 1990); *DeMelo v. Woolsey Marine Indus., Inc.*, 677 F.2d 1030, 1031 (5th Cir. 1982). Second, there is no just reason to delay final resolution of this issue. The personal-jurisdiction decision as to Pilatus is separate and distinct; further, the continued proceedings in this Court as to the remaining Defendants are unlikely to have any effect on any appellate resolution of the personal-jurisdiction issue. Moreover, certification of the personal-jurisdiction decision under Rule 54(b) will not encourage piecemeal appeals and would need to be addressed, if at all, by the Eleventh Circuit only once. Hastened final resolution of this issue does not involve any

set-off issues. And, finally, considerations of expense and efficiency militate in favor of resolving the personal-jurisdiction issue sooner rather than later.

Accordingly, it is ORDERED:

1. Pilatus's Unopposed Motion for Entry of Final Judgment Under Federal Rule of Civil Procedure 54(b) (doc. 203) is GRANTED.

2. The Court, finding there is no just reason for delay for the reasons stated above, enters FINAL JUDGMENT in Pilatus's favor pursuant to Federal Rule of Civil Procedure 54(b) and Pilatus is hereby dismissed from this action based on the Court's Order dismissing Pilatus for lack of personal jurisdiction (doc. 126).

3. The Clerk is directed to terminate Pilatus as a party.

It is so ORDERED in Tampa, Florida, on February 26, 2016.

                                           *Mark A. Pizzo*
                                           MARK A. PIZZO
                                           UNITED STATES MAGISTRATE JUDGE